íudg'c Mures
delitercd the Opinion of the Court.
This is an action’of debt, bfdught by the appellant, as relator, after he came of jftdl age, against the appellees, one as principal and the other as security, on a bond executed by the principal as guardian for the relator.
The declaration, after setting out both the penalty, and condition of the bond, (both which were in usual form,) sets out for breach that the guardian had “not well and truly collected and accounted for and paid over to his ward, divers large sums of money, to-wit: $520, which ivas due and owing to said ward, while the said appellee Miller, was his guardian, from Gabriel J. Johnston, due by note, dated 16th July, 1817, payable to said Miller as guardian for his said ward, within four months after its date, and also $127 50, due and owing to said ward, whilst said Miller ivas his guardian, but failed and *206 refused to collect said sums of the said Gabriel J Johnston, until by reason of said negligence on part °f said guardian, the said sums were entirely lost to the ward, he, the said Gabriel J. Johnston, having in the mean time beeorné utterly insolvent.”
plea, eoncliformcíTañd replication!
Spccialplcai
poplioation to the special pica.
To this declaration the defendant below pleaded: first, “ conditions performed,,” inusual form, to which the plaintiff replied, generally, that said conditions .were not performed, imd secondly, á special plea, to the following effect:
“That after the relator of the plaintiff had attained his full age, it was accorded and agreed by and between him and defendant, that the defendant should deliver to the said plaintiff., the note of Gabriel J. Johnston for $ and the note of John T. Gray, for the sum of ‡ in full satisfaction for and on account of all damages to which plaintiff' was or might be entitled for having failed to collect the notes in the declaration mentioned, and that in pursuance of said accord, he did then and there deliver said notes in full satisfaction for the failure to collect them as aforesaid, and he then and there received them.”
There was another special pléa filed previous to this; but it was demured to, and overruled on demurrer, and as it was rightly disposed of and involves no new question, we shall not notice it.
To the special plea which we have recited, the relator of the plaintiff replied:
“ihat he ought not to be barred because he says that the defendant Miller, (formerly his guardian,) having in his possession the notes in the plea alluded to, requested him, the relator, to receive said notes and carry them to New-Castle, where said Gabriel J. Johnston then resided, and to present them to said Gabriel J. Johnson, for payment, and if he did not pay the same, then to return them to the defendant Miller, and avers that he received said notes for the purpose of presenting them as aforesaid, to said Gabriel J. Johnston, and did so present them; but said Gabriel J. Johnston refused and failed to pay them or any part thereof, and that afterward? *207 lie returned said notes to said defendant Miller, who received and still holds them,.”
Rejoinder of defendants,
Issue.
Evidence on the trial, on plaintiff’s part,
To this replication the defendant rejoined;
“That the defendant Miller did not request plaintiff to receive said notes and carry them to Newcastle, where said Gabriel J. Johnston resided, and present them to him for payment, and if he did not pay them to return them to said Miller, and he denies ;plaintiff received them for said purpose, and that afterwards plaintiff returned said notes, and that he received them and yet has them,”
This rejoinder concluded to the country, and the plaintiff filed a similiter, and a jury was sworn to try the issues.
On the trial it appeared that the defendant Miller became guardian for the relator of the plaintiff, in May, 1817, and then executed bond, on which this suit is brought, and the relator left the State shortly afterwards, and was not in it till his arrival at full age, in July, 1821. That Gabriel J. Johnston was owing about $647 50, and to secure the same, he executed his note to the guardian, in July, 1817, payable four months after date, for $520 50, and for the payment of the remaining $127 60, passed to plaintiff, by delivery without assignment, the note of John T. Gray, executed to said Gabriel J. Johnston, but that said note of Gray was paid to said Gabriel J. Johnston by Gray, before its delivery to the guardian in security for the debt due to his ward; that in 181.9, a common friend of the parties apprized the guardian, of his own mere motion, that Gabriel J. .Johnston was embarrassed and was about to make oyer and convey away all his property, and urged the guardian to pursue him speedily, and secure the debts clue to him as guardian for plaintiff, which he, the guardian, promised to do; that Gabriel J. Johnston failed in the latter part of the year 1819, and large sums of money were made out of his estate, by execution, during the year 1820; that the defendant, the former guardian, had, long before this suit was brought, held and still holds the said notes of Gabriel J. Johnston and Gray, on which no efforts to collect the money appears to have been made.
Dolbiul ant’s ¡¿yidencu.
instructions ol' the circuit . curt.
Yordigi for dpfofenclanf; motion for new trial overruled and -exception.
*208 To rebui this, the defendant proved that the relator of the plaintiff, to whose estate the debt was due, was the brother of the said Gabriel J. Johnston, and while an infant, had requested his said guardian not to sup the said Gabriel J. Johnston for the aforesaid debt; and that after his coming of age, in July, 1821, he had shewed kindness to the said Gabriel J. Johnston in his distresses, by turning a tenant of bis out of doors, and permitting the said Gabriel J. Johnston to reside in the house, and had also lent the said Gabriel J. Johnston some money. The defendant further gave in evidence the following receipt of the relator of the plaintiff, dated SOti), of August, 1823.
‘‘Received of Isaac Miller, JohnT. Gray’s obligar tion to Gabriel J. Johnston, for one hundred and twenty-seven dollars and fifty cents, due November, 1817, also Gabriel I. Johnston’s note for five hundred and twenty dollars, bearing dat<e the 16th of July, 1817, due in four months, which were deliver* ed to said Miller as guardian for me, by Gabriel J. Johnston, (Signed,) T. I. Johnston,”
The remaining evidence in the cause, consists of the declarations of the parties, and is introduced as an attempt to explain pro, and con. for what purpose this receipt was given, and how the notes after the date of this receipt., got back into the hands of the guardian. The relator seemed by these declarations, to be under some apprehensions that this receipt might bar his recovery against his gugtrdifm, and to show some anxiety to get the notes back in his possession. The court below, on tbe application of the defendants, instructed the jury, that unless they should believe from the evidence, that the said notes of Gabriel J. Johnston and John T. Gray were delivered by defendant Miller to, and received by, relator of plaintiff, to present to Gabriel J. Johnston for payment, and if he did not pay them, fo return .them to said Miller, they were bound to find for defen-: dants, and that the proof of the above facts lay upon the relator of the plaintiff.”
The jury found for the defendants, and the plaintiff moved for a ifey/ trial, relying on the grounds,, *209 that the ccmrt had misdirected the jury, and that the verdict was against both law and evidence. The court overruled this motion, and the plaintiff by exception spread all this matter on the record and has appealed to this court.
"KvMcnc’e to sustain a plea of accord and satisfaction, by the delivery of promissory notes on others, the proof must bu ■of the delivery, and acceptance in satisfaction, and evidence shewing there ivas not an agreement, the notes might be returned if not collected, is not sufficient.
Proof that tho ward whilst within ago requested the guardian to abstain from recovering a demand against a debt- or, is no defence to an action for the omission to ■make ¡he collection.
Acceptance by the ward,. after lull age, of the promissory notes, the guardian had failed to collect, and thereby become liable for the amount, is not, unless collected, a satisfaction of the damages the ward might be entitled to on the guardian bond, for the negligence.
*209 Wo cannot sustain the instructions of the court below, even if it could be conceded that the issue joined was in substance an issue upon the inquiry whether these notes were received by the relator, as an accord and satisfaction for the damages which had accrued to the relator by the negligence of the guardian. For the instruction excludes the idea of satisfaction altogether, and rests the event upon the fact, whether -the notes were or were not taken to be presented for payment to Gabriel J. Johnston and to be returned, although they might have been taken for many other purposes, besides satisfaction for tbe demand. This pivot on which the controversy is made to turn, was wholly immaterial to the real contest. The truth is, the parties had widely departed by their pleadings from the point whence ¿hey started, -and their evidence still farther deviated from the real inquiry, and the instruction of the court discharged the defendants because the plaintiff did not affirmatively prove á fact which was wholly unnecessary to make out his right of action, or -insure his recovery.
It could be of no avail to tbe defendant that the relator had shewn kindness to Gabriel J. Johnson, and it was of less avail that he was told by the relator when an infant, to abstain from recovering these debts from Gabriel J. Johnston. If when a minor, lie was competent to direct when suits should or should not be brought to recover his estate, then a guardian to act for him would he useless, and jf a guardian could thus protect himself from liability for either fraud or negligence, there arc but few .thus liable, who could not have the address to procure from their unsuspicious and ignorant wards, the approbation, or even direction, for such negligence ami fraud.
The receipt of the relator of the plaintiff for ese notes, which his .cmardian had neglected to these notes, which his guardian *210 enforce, appears on its face, also, to furnish no substantial defence, or to be evidence warranting either the instruction of the court or the verdict of the jury thereon. It is asimple acknowledgment that he had received these notes. If he did so receive them, he had a right to them, and they were his in conscience. He might take them, and try to collect them if he could, and if he failed, resort to his guardian for their value, if his uegiigence had been ■the cause of his failure. There were then no grounds for the fears of the relator, that he had lost his action by taking these notes, or for the hopes of the defendants that the guardian was released by the same act. If then it be true, that the guardian had made himself liable by failing to collect these notes, as his second plea seems to admit, it was certain the relator’s receiving the notes for any other purpose than to collect their amounts, and to return them if he failed in that collection, or for any other purpose, could not discharge that liability, as the instruction .of the court below seems to have told the jury.
Issue on such a plea is immaterial, and no instruction in relation to it ought to be given on the trial.
Query — Can an accord and satisfaction be pleaded in an action on a guardian’s bond?
Delivery to the ward, by the guardian, of the bond, fur the failure to collect which an action had accrued, can be no satisfaction of the damages.
*210 'The truth is, the last issue, (if not also the first,) on which the parties went to trial, was wholly immaterial, and a court by instructions ought not to aid a party who attempts to defeat a legal claim by .an immaterial issue.
'On the return of the cause to the court below, a repleader must necessarily be awarded, and it is necessary that we should direct at what point it should commence. Not only the rejoinder and replication to the last plea must he stricken out, but also the plea itself. For if it be conceded that an accord .and satisfaction can be pleaded in this action of debt (a point not easily .supported by authority,) this plea cannot be sustained.
It does not allege in express terms in tbe first, part of it, that, the notes delivered in satisfaction of the plaintiff’s cause of action, ar.e the evidences of the same debts, for the loss of which, by the supposed negligence of the guardian, tbe action is brought; but there is a strong jnferrence that they are the same,. and the close of the plea comes out with the fact in terms to.o plain .to be mistaken., by *211 -charging that the guardian delivered said notes in full satisfaction, “for the failure to collect them,” that is, when interpreted, the relator was so obliging as to accept the evidences of his own demands in discharge of further claims for these demands, which, as admitted by the plea, were already lost by the negligence of the guardian. A satisfaction must he of some value; but according to this plea the x’elator received notes of no value, and those notes be-fox-e that his own property, in discharge of his cause of action. The plea, therefore, is a nulity and must, in fanning a new issue, be disregarded.. It is but a strxxggle, on the part of the, defendants, to sustain the same fact, which they used in evidence; that is, that the bare taking these notes by the relator, acquitted the guardian of liability on account of them.
To a declaration on a bond with conditions assigning special breaches, the plea ought to answer the breaches specially, and. not in general terms-, covenants performed.
Mode of declaring on bonds with conditions.
Where the bond is to the commonwealth, and the action by. a relator, how the deoInration shall ho framed.
*211 As the issue is to he new modelled, we cannot help suggesting the facility with which the issue might be formed, by a withdrawal of the replication to the first pica, as well as the plea itself, and the formation of an issue or issues, by direct and special answers to the breaches of the condition of tlxe bond, as assigned in the declaration; and this is the proper course t© he taken in all such cases, instead of permitting the defendant to answer special breaches, by the general allegation of “conditions pex'formed!”
The ancient and strictly cox'rect practice- on similar bonds, was to declare on the penalty, without noticing the condition. To answer this, the defendant craved oyer of the boxxd and condition thereof, and pleaded conditions performed. In reply to this, the plaintiff set out special breaches, which the defendant was compelled to answer specially, instead of absurdly repeating in his rejoinder, “conditions performed.”
In this country, the plaintiff frequently, sets out both the bond and condition,’ and assigns special breaches in the declaration, and on bonds such as this, where the action is brought by a relator, this perhaps becomes necessary, in order to shew tlie relator’s title to sue on the bond, founded oxx the inju *212 ry lie lias sustained. But whenever this is done, if is evident that (he plaintiff anticipates a stage of the cause at the close of his declaration, which, according to the former practice, would be still distant; that is, at the close of his declaration, according to this practico, he is at the same point which he would be at, according to the ancient method, at the close of his replication; and it thence follows that the defendant ought to be compelled to give as special an answer to the declaration thus drawn, as in the former method he would lie compelled to give to the replication assigning tiie breaches for the first time, instead of the general answer of “conditions performed,” which only fits the case before flic breaches are assigned at all.
‘"Conditions performed,” to a doctaration assigning special breaches, is ill, on demurrer — and query, of the effect of the v crdict.
Crittenden and Denny, for appellants; Grayson, for appellee.
It remains yet to be decided how far such a gen-' oral plea to a declaration with breaches assigned can be sustained. If it caii, it must be after its general allegations are cured by a verdict.
The judgment is therefore reversed, with costs, and the verdict set aside, and the cause remanded for new proceedings, not inconsistent with this opinion.